UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DISTRICT

CASE NO.:

MARC THIBAUT,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD.,

    Defendant,
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff sues Defendant and alleges:

**PRELIMINARY ALLEGATIONS**

1. Plaintiff, MARC THIBAUT ("THIBAUT"), is a citizen of St. Martin, French Caribbean.

2. Defendant, ROYAL CARIBBEAN CRUISES, LTD. ("RCCL"), is a corporation incorporated under the laws of Liberia having its principal place of business in Miami, Florida.

3. The matter in controversy exceeds, exclusive of interests and costs, the sum specified by 28 U.S.C. § 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

4. This action is being pursed in this Court, as opposed to state court as otherwise allowed by the Saving to Suitors Clause of 28 U.S.C. §1333 because RCCL unilaterally inserts a forum clause into its cruise tickets that requires its passengers to file cruise-

related suits *only in this federal district and division,* as opposed to any other place in the world.

5. Defendant RCCL, at all times material hereto, personally or through an agent;

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

   b. Was engaged in substantial activity within this state;

   c. Operated vessels in the waters of this state;

   d. Committed one or more of the acts stated in Florida Statutes, §§ 48.081, 48.181 or 48.193;

   e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state;

   f. The Defendant was engaged in the business of providing to the public and to the Plaintiffs in particular, for compensation, vacation cruises aboard the vessel, *Oasis of the Seas*.

6. At all times material hereto, Defendant RCCL is subject to the jurisdiction of the Courts of this State.

7. At all times material hereto, the causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

8. At all times material hereto, Defendant RCCL owned, operated, managed, maintained and/or controlled the vessel *Oasis of the Seas*.

9. On or about October 25, 2015, Plaintiff THIBAUT was a paying passenger on Defendant RCCL's vessel *Oasis of the Seas*, which was in navigable waters. Defendant has a copy of the Plaintiff's cruise ticket.

10. On or about October 25, 2015, Plaintiff THIBAUT participated in an attraction onboard the *Oasis of the Seas* called the FlowRider Surfing Simulator (hereinafter "FlowRider").

11. The FlowRider is an attraction that shoots a thin sheet of water up a sloped surface at a high velocity to simulate the surface of a wave. Users then attempt to ride this sheet of water on a board either laying down or standing up.

12. The FlowRider onboard the *Oasis of the Seas* is different from a standard FlowRider, because employees and/or agents of RCCL modified it by shortening its overall length in order to fit the attraction on the deck of the cruise ship.

13. Due to this shorter length, a person propelled up the surface of the "wave" can be thrown into the back wall at a very high velocity, since unlike a standard flow rider, the back wall of the attraction is much closer to the "wave" front. This makes an already inherently dangerous attraction even more dangerous, such that it becomes unreasonably dangerous. This is not an obvious danger of which a passenger should be aware.

## COUNT I – NEGLIGENCE

Plaintiff incorporates by reference and realleges as though originally alleged herein the allegations of paragraph 1 through 13and further alleges:

14. It was the duty of Defendant RCCL to exercise reasonable care under the circumstances and to maintain and operate its vessel in a reasonable safe condition and manner.

15. On or about October 25, 2015, RCCL and/or its agents, servants, and/or employees breached its duty to provide Plaintiff THIBAUT with reasonable care under the circumstances.

16. Plaintiff THIBAUT was injured due to the fault and/or negligence of RCCL, and/or its agents, servants, and/or employees as follows:

   a. Designing, installing and utilizing an attraction on Defendant's vessel that

    was inherently and unreasonably dangerous for passengers to use;

b. Modifying the FlowRider, on Defendant's vessel in such a way that the already dangerous attraction was made even more dangerous;

c. Failing to recognize the inherent risks involved with putting passengers on a ride that shoots water at them at a high velocity and propels them towards a wall;

d. Failing to properly, safely and adequately instruct, supervise and/or assist passengers participating in the attraction on its proper use;

e. Failing to warn passengers of the risks and dangers involved with participating in the attraction;

f. Failing to take engage proper and reasonable precautions and safeguards for the safety of passengers when encouraging passengers to participate in the attraction;

g. Failing to promulgate and/or enforce rules or procedures to ensure the safety of passengers using the attraction;

h. Failing to promulgate and/or enforce rules or procedures to ensure that instructors are adequately supervising the attraction and instructing passengers in its use;

i. Failing to properly and adequately instruct, train and supervise employees and/or agents acting as instructors in how to conduct the subject activity safely;

j. Failing to design and/or utilize the FlowRider without any structural dangers or features that create an inherent risk of injury;

k. Failing to prevent improper and dangerous use of FlowRider; and/or

l. Failing to station instructors in proper positions around the FlowRider to help participants in need of aid;

m. Hiring and retaining employees/agents for supervising, instructing, and assisting passengers participating in the subject activity without performing a thorough background and qualifications check to ensure they possessed the skills necessary to properly and safely instruct passengers participating in the subject activity; and/or

n. Retaining employees/agents when Defendant knew, or should have

      known, that the employees/agents were negligent, careless, and/or reckless, incapable, incompetent, and/or posed a danger to passengers participating in the subject surfing activity;

o. Failing to provide adequate supervision of employees/agents who instructed, supervised, and assisted passengers participating in the subject activity when it knew, or should have known, that improper, negligent, careless, incompetent, incapable, improper, and/or reckless instruction would likely result in serious injury;

p. All other acts or omissions constituting a breach of the duty to use reasonable care revealed through discovery.

17. At all times material, Defendant RCCL knew or should have known that the FlowRider was unreasonably dangerous in that its guests would routinely be caused to fall and/or otherwise injured while participating/using the attraction.

18. As a result of the negligence of Defendant RCCL, the Plaintiff THIBAUT was injured about his body and extremities, including but not limited to a fractured ankle, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of his injuries, suffered physical handicap, lost wages and lost wage earning capacity as his working ability has been impaired. The injuries are permanent or continuing in nature and Plaintiff THIBAUT will suffer the losses and impairments in the future. In addition, Plaintiff THIBAUT lost the benefit of his vacation, cruise, and transportation costs.

**WHEREFORE**, Plaintiff demands all damages allowable by law and trial by Jury.

### COUNT II – STRICT PRODUCTS LIABILITY FOR THE NEGLIGENT DESIGN, INSTALLATION, AND UTILIZATION OF THE FLOWRIDER

Plaintiff incorporates by reference and realleges as though originally alleged herein the allegations of paragraph 1 through 13 and further alleges:

19. At all times material hereto, Defendant RCCL owed a duty to its passengers, and in particular to Plaintiff THIBAUT, to maintain and operate its vessel, *Oasis of the Seas*, in a reasonable manner under the circumstances.

20. At all times material hereto, Defendant RCCL was a manufacturer, designer, distributor, and/or was otherwise within the chain of distribution of the FlowRider product, having put the FlowRider on which the Plaintiff THIBAUT was injured into the channels of trade.

21. At all times material hereto, Defendant RCCL manufactured, designed, installed, and/or utilized the FlowRider on the *Oasis of the Seas*, and as such owed a duty to its passengers, and in particular to the Plaintiff THIBAUT, to design and utilize the "FlowRider" without any defects.

22. At all times material hereto, Defendant RCCL, knew or had reason to know that the FlowRider was unreasonably dangerous. RCCL knew or had reason to know that the FlowRider was unreasonably and inherently dangerous in that its guests would routinely be caused to fall and/or otherwise injured while participating/using the attraction.

23. Since passengers would not be aware of the dangers involved, RCCL had a duty to warn passengers participating in the FlowRider attraction that the attraction was likely to be dangerous.

24. The design flaw and lack of warnings which made the FlowRider onboard the *Oasis of the Seas* inherently and unreasonably dangerous was the direct and proximate cause of Plaintiff THIBAUT's injuries.

25. As a result of the foregoing, the Plaintiff THIBAUT was injured about his body and extremities, including but not limited to a fractured ankle, suffered physical pain,

mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of his injuries, suffered physical handicap, lost wages and lost wage earning capacity as his working ability has been impaired.  The injuries are permanent or continuing in nature and Plaintiff THIBAUT will suffer the losses and impairments in the future. In addition, Plaintiff THIBAUT lost the benefit of his vacation, cruise, and transportation costs.

**WHEREFORE** the Plaintiff demands judgment for all damages recoverable under the law against Defendant ROYAL CARIBBEAN CRUISES, LTD., as well as post-judgment interest to the extent allowed by law, attorneys' fees and costs as may be allowed by law, and demands trial by jury of all issues so triable under the provisions of Fed. R. Civ. P.39, as well as any further relief as this Court deems just and appropriate.

Respectfully submitted,
Lipcon, Margulies, Alsina & Winkleman, P.A.
One Biscayne Tower, Suite 1776
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 373-3016
Facsimile: (305) 373-6204

By: */s/ Carol L. Finklehoffe*
CAROL L. FINKLEHOFFE
Fla. Bar. No.: 0015903
cfinklehoffe@lipcon.com
JASON R. MARGULIES
Fla. Bar. No.: 0057916
jmargulies@lipcon.com

Dated: September 30, 2016